## BROGDEN v. McDILL et al.

## McDILL v. FLAKE et al.

(Court of Appeals of District of Columbia. Submitted January 17, 1927. Decided March 7, 1927. Petition for Rehearing in No. 1920 Denied March 26, 1927.)

Nos. 1919, 1920.

Patents ⊜91(4)—Evidence held to show want of diligence of junior party, precluding an award of priority for invention for fruit-preserving method.

In interference proceeding involving invention of method of preserving fresh fruit, particularly citrus fruit, by treating it with a thin coating of paraffine dissolved in gasoline, evidence that junior party, after conceiving invention in 1915–16, abandoned experiments and filed no application for patent until March 1, 1922, after filing of two similar applications by others, *held* to show want of diligence, precluding an award of priority which was not justified on ground that invention without machinery was of little value, and that party's attention was being devoted to machinery.

Appeal from the Commissioner of Patents.

Interference proceeding between Rex de Ore McDill, Earnest M. Brogden, and Cortlandt Frank Flake. From a decision of the Commissioner of Patents, awarding priority to Flake, Brogden and McDill separately appeal. Decision affirmed in part, and reversed in part, and priority awarded to McDill.

R. F. Steward and C. O. McKay, both of Washington, D. C., for Brogden.

L. L. Sargent, of Washington, D. C., for McDill.

D. P. Wolhaupter, of Washington, D. C., for Flake.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. Brogden and McDill severally appeal from a decision of the Commissioner of Patents in an interference proceeding, awarding priority of invention to Flake. The invention relates to a method of preserving fresh fruit, especially citrus fruit, by treating it with a thin coating of paraffine dissolved in gasoline or other volatile solvent of paraffine. The following are the counts of the issue:

"Count 1. The process of preserving fruit consisting in forming an incasing film thereon by applying thereto a mixture of paraffine and a volatile solvent of paraffine.

"Count 2. The process of preserving fruit, consisting in forming an incasing film thereon by applying thereto a mixture of paraffine and gasoline.

"Count 3. The process of preserving fruit consisting in forming an incasing film thereon by brushing on the fruit a mixture of paraffine and a volatile solvent of paraffine.

"Count 4. The process of treating fruit to preserve its fresh condition and appearance and to enhance its keeping qualities, which comprises coating the same with a mixture of paraffine and gasoline.

"Count 5. The process of treating citrus fruit to preserve its fresh condition and appearance and to enhance its keeping qualities, which comprises rubbing the surface of the fruit with a semiliquid or pasty mixture of a waxy material and a volatile liquid.

"Count 6. The process of treating citrus fruit to preserve its fresh condition and appearance and to enhance its keeping qualities, which comprises rubbing the surface of the fruit with a semiliquid mixture of paraffine and gasoline."

The senior party, McDill, states in his application: "A feature of my invention is

the combining of the paraffine with a volatile solvent like gasoline, giving to it a consistency of a salve, in order that it may be spread on the fruit mechanically by brushes or other similar means. It has been found that the solvent quickly passes off into the atmosphere, leaving a coating of pure paraffine on the fruit, which is thin and transparent and cannot be detected by the eye, but of sufficient thickness to prevent evaporation of moisture from within and inhibit the inoculation of molds and decay organisms from without." It appears that prior to this invention citrus fruits, when being prepared for market, were mechanically brushed with paraffine as a means chiefly of preserving their color, but were not coated or incrusted with paraffine as proposed by the present invention for the purpose of preserving them in a fresh condition.

McDill's application was filed on October 21, 1921. He alleged conception of the invention and reduction to practice on October 2, 1920, and disclosure to others on January 10, 1921. Brogden's application was filed on November 16, 1921. He alleged conception in August, 1921, and reduction to practice in the following month. Flake's application was filed March 1, 1922. He alleged conception, reduction to practice, and disclosure to others, as early as January, 1916. The Examiner of Interferences awarded priority to McDill; the Examiners in Chief and the Commissioner of Patents ruled in favor of Flake. This appeal followed.

The evidence convinces us that McDill conceived the invention, reduced it to practice, and disclosed it early in October, 1920, as alleged in his application; that he promptly moved to bring the invention into use in the citrus industry in Florida; and that he filed his application without substantial delay. His first application (since matured into a patent) was filed January 12, 1921, but by mistake the word "petroleum" was used therein, instead of "gasoline," as the solvent to be used. The circumstance, however, discloses McDill's promptness in the matter. In July, 1921, McDill met Brogden at a meeting of a citrus exchange, and the latter offered to finance the invention. This offer was accepted by McDill, and the mixture was advertised and sold under the trade-name of "Brogdex," without, of course, disclosing its component materials. Litigation subsequently arose between the two parties in respect to the matter. In this manner Brogden learned of the invention, and

it may be said, following the unanimous decisions of the Patent Office, that Brogden has not established priority in this interference. The remaining issue is between McDill and Flake.

In the winter of 1915-16 Flake was employed in a Florida fruit-packing house, and one of his duties was to adjust the blocks of paraffine so that the polishing brushes would take up sufficient paraffine to polish the fruit as it passed them. Flake alleged that the difficulties of this operation led him to dissolve the paraffine in gasoline and pour the solution upon the polishing brushes, and that as a result of this experience he conceived the idea of using such a solution for coating the fruit. The testimony discloses that Flake experimented along this line, and disclosed the subject to others. In the season of 1921-22 he bought some of McDill's "Brogdex," and used it for a time as a coating material. He did not file his application for a patent, however, until March 1, 1922, which was after the interference was declared between McDill and Brogden. The Examiner of Interferences held, upon the evidence, that Flake's experiments were not regarded by him as a reduction to practice, but were desultory, and in legal contemplation were abandoned experiments; that he did not show diligence from October, 1920, when McDill entered the field, until his (Flake's) filing date; and that he is not entitled to prevail.

We agree with this conclusion, for the reasons stated by the Examiner, which need not be further repeated here. The Examiners in Chief and the Commissioner of Patents, reversing the decision of the Examiner, justified Flake's delay in filing upon the ground that the value of the invention was very slight, unless and until some means were invented, discovered, or constructed whereby the fruit could be coated in commercial quantities, and that Flake's attention in the meantime was turned to that aspect of the invention. We do not agree with this view. The invention is simple, and the counts do not involve any device or machinery, and there was nothing to prevent Flake from filing an application without delay. We are of the opinion that the conclusion reached by the Examiner of Interferences was correct. Mason v. Hepburn, 13 App. D. C. 86.

We therefore affirm the decision of the Commissioner of Patents in appeal No. 1919, and reverse that in appeal No. 1920, and award priority to the party McDill.